**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1500
_____

DOUG VAUGHN,
                                        Appellant

v.

NINA K. MARKEY, ESQ.; MARTHA J. KEON, ESQ.;
LITTLER MENDELSON, P.C.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-19-cv-05880)
District Judge:  Honorable Eduardo C. Robreno
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 6, 2020
Before:  SHWARTZ, RESTREPO, and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 7, 2020)
_____

OPINION*
_____

PER CURIAM

Doug Vaughn appeals the District Court's sua sponte dismissal of his complaint

for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  For the following

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

reasons, we will affirm.

Vaughn filed his complaint and a motion to proceed in forma pauperis (IFP) with the District Court on December 13, 2019, alleging that Nina K. Markey, Esquire, Martha J. Keon, Esquire, and Littler, Mendelson, P.C. (collectively, "Appellees") violated his constitutional rights under 42 U.S.C. § 1983. Appellees were previously retained by Petco Animal Supplies, Inc. (Petco), in an employment discrimination lawsuit filed by Vaughn against Petco in 2012.[1] Vaughn's § 1983 claims against Appellees stem from that 2012 action, which include, inter alia, a conflict of interest, collusion, and violations of the Rules of Professional Conduct.

The District Court granted Vaughn's IFP motion, but dismissed the action for failure to state a claim under the IFP screening provisions of § 1915(e)(2)(B). Specifically, the District Court determined that Vaughn could not maintain a § 1983 claim against Appellees because none of them were state actors, and, even if they were, he failed to identify a constitutional right any of them had violated. Thus, the District Court held that it lacked subject matter jurisdiction, as Vaughn had failed to present a federal question for review.[2] See 28 U.S.C. § 1331. Additionally, the District Court

---

[1] That case was ultimately dismissed following a settlement agreement in 2013. See Vaughn v. Petco Animal Supplies, Inc., No. 2:12-cv-04353 (E.D. Pa. dismissed Nov. 22, 2013), ECF No. 52.

[2] To the extent Vaughn may have been alleging state law malpractice claims, the District Court also determined that it lacked subject matter jurisdiction because diversity of citizenship was lacking. See 28 U.S.C. § 1332.

determined that Vaughn's claims were time-barred, as they arose from the 2012 Petco action. Accordingly, the District Court dismissed Vaughn's complaint without leave to amend, holding that any further amendment would be futile. Vaughn timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is de novo. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). When considering whether to dismiss a complaint for failure to state a claim pursuant § 1915(e)(2)(B)(ii), the District Court uses the same standard it employs under Fed. R. Civ. P. 12(b)(6). See id. "[A] complaint must contain sufficient factual allegations, taken as true, to 'state a claim to relief that is plausible on its face.'" Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff. Id.

"To state a § 1983 claim, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006). The "color of state law element is a threshold issue" and thus there is no liability under § 1983 if the defendant is not acting under color of state law. Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995).

Here, the District Court determined that Vaughn cannot maintain a §1983 action against Appellees because they are private attorneys and are therefore not state actors.

3

We agree. A private attorney "representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." Polk County v. Dodson, 454 U.S. 312, 318 (1981). Since Vaughn sued Appellees for actions taken in their roles as private attorneys, he must point to some action that is "fairly attributable" to the state. See Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999). Vaughn has not done so. Rather, on appeal, Vaughn generally argues that the District Court was "wrong," and focuses much of his attention on an alleged bias of the District Judge and reasons why the judge should be disqualified. Quite simply, Vaughn has failed to properly challenge the District Court's determinations, or otherwise carry his burden in showing how Appellees could be considered state actors for purposes of § 1983. See id. (noting an individual "may be found to be a state actor when (1) he is a state official, (2) he has acted together with or has obtained significant aid from state officials, or (3) his conduct is, by its nature, chargeable to the state" (internal quotation marks omitted)); see also Groman, 47 F.3d at 638 (noting the plaintiff bears the burden of proof on the "under color of state law" requirement).

Finally, the District Court sua sponte determined that Vaughn's claims were time-barred under the applicable statute of limitations. While the statute of limitations is an affirmative defense, see Fed. R. Civ. P. 8(c), a District Court may sua sponte dismiss a complaint under § 1915(e) when the defense is obvious from the face of the complaint. See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006); see also Bethel v. Jendoco Const. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978). Here, Vaughn's allegations stem from

4

his action against Petco in 2012, which is well outside the applicable limitations period. See Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009) ("The length of the statute of limitations for a § 1983 claim is governed by the personal injury tort law of the state where the cause of action arose. The statute of limitations for a § 1983 claim arising in Pennsylvania is two years." (internal citations omitted)). Thus, even if Vaughn had properly stated a claim under § 1983, his claims were time-barred. Consequently, the District Court did not err in dismissing the complaint without providing Vaughn with an opportunity to amend, because amendment would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

For all of the foregoing reasons, we will affirm the District Court's judgment.